NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST H. BAKER III, | No.   19-35930 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00272-MK |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS; STUART YOUNG, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted November 17, 2020[**]
San Francisco, California

Before:  O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

Baker appeals from the district court's grant of summary judgment in favor

of the Oregon Department of Corrections and Stuart Young on Baker's First

Amendment claim, brough pursuant to 42 U.S.C. § 1983, and his Religious Land

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Use and Institutionalized Persons Act claim. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

## I

The district court did not err in granting summary judgment on Baker's claims relating to the denial of his request for Passover meals.

## A

The district court correctly concluded that Young is entitled to qualified immunity on Baker's First Amendment claim for monetary damages. Baker did not have a clearly established right to receive special Passover meals under the specific circumstances known to Young. The record supports the Magistrate Judge's finding that Young's decision was based on Baker's previous identification as a Messianic, his documented attendance at Messianic religious services, and his history of purchasing non-kosher foods from the prison's canteen. Under these circumstances, Young reasonably believed that providing Baker with a modified kosher meal for Passover, as recommended by Messianic religious experts, was compatible with his "Nazarene Israelite" religion and did not violate his First Amendment rights. *See Mullenix v. Luna*, 577 U.S. 7, 11–12 (2015) (per curiam).

## B

The district court correctly concluded that Baker's claim for prospective

relief is moot. Young's reversal of his decision during the litigation means that Baker will receive the special Passover meals that he requested. Accordingly, he has obtained the relief that he sued to obtain, and there is no evidence that the prison will deny him Passover meals in the future. *See Friends of the Earth, Inc. v. Laidlaw Envl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

## II

The district court did not err in granting summary judgment on Baker's claim relating to his request for a kippa. The only evidence presented to the district court was that Baker had ordered a kippa that was made available for purchase, but never received it. These facts do not support an inference of wrongful conduct by the prison. To the extent Baker now argues that the prison denied his request for a "Bucharian" kippa, he did not provide any evidence regarding this issue before the district court and he cannot do so for the first time on appeal. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

## III

The district court properly granted summary judgment on Baker's claim relating to the prison's kosher food and drink offerings. Baker did not allege that any of the shortcomings in the prison's kosher diet program caused him to violate his religious beliefs. *See Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008).

**AFFIRMED**.

3